UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH OROZCO, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL OROZCO, JR., <br><br> Defendant. | No. 22 CV 3122 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Defendant Daniel Orozco, Jr., initiated police investigations into his brother, plaintiff Joseph Orozco, over the management of a property in Mexico. Daniel wrote threatening emails to plaintiff, told the police lies about his brother's property management, asked Mexican authorities to arrest Joseph, and prompted police to speak with Joseph's wife and customers. Plaintiff brings three state-law claims for abuse of process, false light, and defamation.[1] Under Rule 12(b)(6), defendant moves to dismiss the lawsuit. For the reasons discussed below, the motion is granted.

I.  **Legal Standards**

A complaint must contain a short and plain statement that suggests a plausible right to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a Rule 12(b)(6) motion, a plaintiff must allege facts that "raise

---

[1] This court has jurisdiction because Joseph is a citizen of Mexico, Daniel is a citizen of Illinois, and the amount in controversy is more than $75,000. *See* [1] ¶¶ 4–5, 9; 28 U.S.C. § 1332(a). Illinois law applies. *See Paulsen v. Abbott Laboratories*, 39 F.4th 473, 477 (7th Cir. 2022) (citations omitted) (noting that federal courts sitting in diversity apply the choice of law rules of the forum state, and under Illinois choice-of-law rules, the forum state's law applies unless an actual conflict is shown or the parties agree that forum law doesn't apply).

a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). I accept well-pleaded factual allegations as true, and draw all reasonable inferences in plaintiff's favor. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019) (citations omitted); *Iqbal*, 556 U.S. at 678. But conclusory allegations are not entitled to the presumption of truth. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## II. Background

Joseph and Daniel's parents owned a recreational vehicle park in Sonora, Mexico. [1] ¶¶ 10–12.[2] After their father died, the property passed to Joseph, Daniel, and their siblings. *See id.* ¶ 20. Joseph took over management of the RV park, *id.* ¶¶ 24–25, and received only a modest salary for himself while running the family business. *See id.* ¶¶ 26, 28. Between 2001 and 2020, Joseph distributed the profits from the RV park to his siblings and his mother. *Id.* ¶¶ 29, 35–37, 41. But Joseph didn't make any distributions in 2021 when the business took a downtown during the pandemic. *See id.* ¶ 42.

In 2014, Daniel emailed his brother and other family members demanding that Joseph send profits from the family business and threatening to travel to Mexico to make Joseph pay. *See* [1] ¶¶ 49–50; [1-1] at 2.[3] Four months later, Daniel (through

---

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint. [1].

[3] Similarly, in 2015, Daniel wrote an email to Joseph and his family, alleging that Joseph and Joseph's wife were stealing from him. *See* [1] ¶¶ 56–57, [1-1] at 4–5. In 2021, Daniel sent his brother another threatening email. *See* [1] ¶¶ 68–71.

2

his attorney) asked Mexican police to investigate Joseph for fraud and breach of trust related to the management of the RV park. *See* [1] ¶ 51. In an attempt to gain financially for himself and his mother, Daniel falsely told Mexican authorities that Joseph had underreported the business's profits, prevented access to financial records, and reorganized the business so that Joseph was the sole owner and beneficiary. *See id.* ¶¶ 52–53, 66.

Daniel's complaints about his brother resulted in a four-year investigation. [1] ¶¶ 48, 54. In 2017, Daniel asked Mexican police to arrest Joseph. *See id.* ¶ 59. Mexican police issued an order of arrest, and Joseph was forced to stay in his home to avoid imprisonment. *See id.* ¶¶ 60–61. In 2017, a Mexican court acquitted Joseph for lack of evidence, and that ruling was affirmed by a second court a year later. *See id.* ¶ 62.

Sometime before February 2022, Daniel (through his attorney) asked Mexican authorities to investigate his brother a second time. *See* [1] ¶¶ 72, 76, 79–80. In February 2022, police showed a related subpoena to Joseph's wife. *See id.* ¶¶ 72–76. The subpoena said that Joseph was under investigation for fraud and breach of trust, crimes alleged to have affected Daniel. *See id.* ¶ 76. As part of their second investigation, police served two long-time customers of the RV park with subpoenas, and spoke to four rental customers. *See id.* ¶¶ 78, 81.

Daniel had ulterior motives for causing police to begin a second investigation, including deep-seated personal animus, anger at his brother for not making certain profits distributions, and an intent to harass the RV park's customers, extort

3

payments or a buyout of Daniel's interest, and cause a false imprisonment. *See* [1] ¶¶ 87–89. As a result of the second investigation, Joseph incurred legal expenses and suffered harm to his reputation, emotional distress, and other damages. *See id.* ¶¶ 94–96, 102–104, 110–112.

## III.   Analysis

### A.   Abuse of Process

To state a claim for abuse of process, Joseph must allege that Daniel had an ulterior motive and took an action in the use of process that was improper in the regular course of the proceedings. *See Withall v. Cap. Fed. Sav. of America*, 155 Ill.App.3d 537, 544 (1st Dist. 1987) (citing *Holiday Magic, Inc. v. Scott*, 4 Ill.App.3d 962, 966 (1st Dist. 1972)); *Evans v. West*, 935 F.2d 922, 923 (7th Cir. 1991) (citations omitted). Plaintiff alleges that after re-initiating the investigation in 2022, Daniel caused police to secure subpoenas, requiring Joseph and two of his customers to submit to interviews. *See* [1] ¶¶ 72–76, 78–81.

The complaint sufficiently alleges that Daniel's reports to Mexican authorities were motivated by things other than preventing or punishing criminal behavior. *See* [1] ¶¶ 87–89; [9] at 8–10. But the pleading fails at the second element of the claim. Making a complaint to the police isn't abuse of process. *See Kirchner v. Greene*, 294 Ill.App.3d 672, 683–84 (1st Dist. 1998) (noting that process by a court is central to the claim); *Holiday Magic, Inc.*, 4 Ill.App.3d at 968 (finding that process is "any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property."). Because the subpoena said that Joseph was under investigation for

4

crimes affecting Daniel, the complaint concludes that Daniel caused the subpoenas to issue. *See* [1] ¶ 79. But the complaint alleges that Mexican police subpoenaed Joseph and two of his customers, *see id.* ¶¶ 72, 75–76, 78, and (setting aside the complaint's legal conclusion) it's not reasonable to infer that Daniel is responsible for that process or that a police subpoena is court process. The subpoena attached to the complaint does not invoke the jurisdiction or power of a tribunal. *See* [1-1] at 7, 9.

Even if the issuance of the subpoenas was caused by Daniel, and assuming they were court process, the complaint doesn't allege that this process was used to achieve anything beyond the normal scope. *See Evans*, 935 F.2d at 923 (quoting *McGrew v. Heinhold Commodities, Inc.*, 147 Ill.App.3d 104, 111–12 (1st Dist. 1986)); *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 339 Ill.App.3d 177, 183 (2d Dist. 2003). Daniel allegedly re-started the investigation with an ulterior motive, but improper motivation for a process that follows the usual course isn't abuse of process. There's no allegation that the subpoenas were used for anything other than their intended purpose—to obtain information related to allegations of fraud and breach of trust—and without that, plaintiff's claim fails.

Count One is dismissed.

### B. Defamation and False Light

Plaintiff alleges that Daniel defamed him and placed him in a false light by sending a threatening email in April 2014, requesting that Mexican police investigate in August 2014, and initiating a second investigation in 2022. *See* [13] at 11–12; [1] ¶¶ 49–53, 72, 78–81. Because the Illinois statute of limitations for false light and

defamation claims is one year, however, *see* 735 ILCS 5/13-201; *Ciolino v. Simon*, 2020 Il App (1st) 190181 ¶ 42 (citations omitted), plaintiff's claims cannot be based on Daniel's alleged conduct in 2014. At issue, then, is what Daniel said to Mexican authorities that caused them to reopen their investigation. *See* [1] ¶ 80.

A defamation claim requires allegations that (1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication to a third party, and (3) the publication caused damages. *Hadley v. Doe*, 2015 IL 118000 ¶ 30 (citing *Green v. Rogers*, 234 Ill.2d 478, 491 (2009)). A statement is defamatory if it "tends to harm a person's reputation." *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 903–04 (7th Cir. 2007) (quoting *Tuite v. Corbitt*, 224 Ill.2d 490, 501 (2006)). A statement is defamatory per se if its "defamatory character is obvious," such as a statement that someone committed a crime. *Id.* at 904.

Plaintiff hasn't alleged that Daniel made a false statement about him. The complaint says that Daniel "requested a re-opening of the previously adjourned 2014-2018 investigation" by contacting Mexican authorities (presumably police or prosecutors). [1] ¶¶ 80–81. But that allegation is vague and conclusory: without more detail about what Daniel said, the complaint hasn't cleared the plausibility bar as to this claim. *See Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 698 (7th Cir. 2006) (citing *Wynne v. Loyola Univ. Chicago*, 318 Ill.App.3d 443, 452 (1st Dist. 2000)) (noting that "vague, unprovable statements and statements of opinion do not give rise to a defamation claim"); *United Laboratories, Inc. v. Savaiano*, No. 06 C 1442, 2007 WL 4557095, at *11 (N.D. Ill. Dec. 21, 2007) (gathering cases) ("To satisfy the

6

requirements of notice pleading, a plaintiff in federal court must set forth the alleged defamatory words 'with some specificity.'").[4]

A claim for false light requires allegations that (1) plaintiff was placed in a false light before the public as a result of defendant's actions, (2) the false light in which plaintiff was placed would be highly offensive to a reasonable person, and (3) defendant acted with actual malice, meaning that he either knew or acted with reckless disregard for whether the statements were false. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill.2d 1, 17–18 (1992) (citing *Lovgren v. Citizens First Nat'l Bank*, 126 Ill.2d 411, 419–23 (1989)).

The false light allegations are based on the same conduct as the defamation claim: Daniel's statements that led police to investigate. *See* [13] at 9–10. Because these allegations mirror those underlying the unsuccessful defamation claim, Joseph hasn't alleged that Daniel placed him in a false light, which means that this claim fails too. *See Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1062 (7th Cir. 2021) (citing *Madison v. Frazier*, 539 F.3d 646, 659 (7th Cir. 2008)); *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 907 (7th Cir. 2007)); *Levin v. Abramson*, No.

---

[4] Illinois courts applies a rule of innocent construction to claims of defamation, and to false light claims that are based on statements. *See Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 903–05 (7th Cir. 2007) (citations omitted); *Jefferson v. Winnebago Cnty.*, No. 94 C 50151, 1995 WL 89064, at *14 n.15 (N.D. Ill. Mar. 2, 1995) (citations omitted); *Gracia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1062 (7th Cir. 2021) (citation omitted). Defendant argues that because the alleged statements in this case are so vague as to prevent an innocent-construction analysis, the statements must necessarily be read as innocent. *See* [9] at 11–13. To apply the innocent-construction rule, the court needs to know what statement is at issue. Here, the complaint fails to include enough about what Daniel said to allege either a defamatory statement or that defendant placed plaintiff in a false light, which means that plaintiff's claims fail before the application of the innocent-construction rule.

18-cv-1723, 2020 WL 2494649, at *21 (N.D. Ill. May 13, 2020) (quoting *Mitchell v. Plano Police Dep't*, No. 16-cv-07227, 2017 WL 4340118, at *7 (N.D. Ill. Sept. 29, 2017)) ("Absent some allegation as to what specific statement was false, a claim based on false light simply fails to satisfy the most basic element of the cause of action.").[5]

Even if the complaint had included a more specific account of what Daniel said to Mexican authorities in 2022, plaintiff still couldn't succeed on his defamation and false light claims. These claims center on Daniel's statements to prosecutors or police, prompting an investigation. *See* [1] ¶¶ 98, 106. Illinois recognizes an absolute privilege for such statements, which serves as a defense to claims of defamation or false light. *See Morris v. Harvey Cycle and Camper, Inc.*, 392 Ill.App.3d 399, 404–06 (1st Dist. 2009) (gathering cases); *Vincent v. Williams*, 279 Ill.App.3d 1, 7–8 (1st Dist. 1996); *Shea v. Winnebago Cnty. Sheriff's Dep't*, 746 Fed. App'x 541, 547 (7th Cir. 2018).[6] Daniel's statements were privileged and cannot be the basis of his false light

---

[5] Defendant argues that Daniel's statements—which (through the Mexican police) reached four of plaintiff's rental customers—weren't sufficiently public to support a false light claim. *See* [9] at 10–12; [14] at 6–7. It's true that the publicity element of the tort is usually shown by general publication, but Illinois courts have recognized an exception for limited publication to recipients in a special relationship with the plaintiff. *See Duncan v. Peterson*, 408 Ill.App.3d 911, 921 (2d Dist. 2010); *Poulos v. Lutheran Soc. Services of Illinois, Inc.*, 312 Ill.App.3d 731, 740 (1st Dist. 2000). The exception is meant to capture situations when "disclosure to a limited number of persons may be just as devastating to a plaintiff as a disclosure to the general public." *Poulos*, 312 Ill.App.3d at 740 (finding that a supervisor had a close relationship to an employee); *see also Miller v. Motorola, Inc.*, 202 Ill.App.3d 976, 981 (1st Dist. 1990) (holding that a plaintiff's relationship to other employees qualified for the exception). It's reasonable to infer that a special relationship existed between Joseph and his customers, and so the limited disclosure alleged in the complaint could satisfy the publicity requirement for a false light claim.

[6] While the complaint need not anticipate an immunity defense, here the allegations of the complaint set forth everything necessary to satisfy the defense. *See Elliot v. Thomas*, 937 F.2d 338, 345 (7th Cir. 1991); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Defendant argues that the immunity defense should also extend to plaintiff's abuse of process claim. *See* [9] at 7. But the immunity at issue is specific to false light and defamation—claims

and defamation claims, regardless of whether the statements were false or made to harass and intimidate. *See Morris*, 392 Ill.App.3d at 406 (applying the rule to allegations of false complaints of criminal activity used to intimidate someone); *Vincent*, 279 Ill.App.3d at 7–8 (finding that statements made to law enforcement officials were protected even when they were made with malice).

Plaintiff argues that immunity shouldn't apply because Daniel's statements followed an initial investigation that was resolved in his favor. *See* [13] at 6–8; [1] ¶ 62. Plaintiff reasons that, while protecting statements to police initiating a first investigation may be in the public interest, allegations that have already been investigated (and found to be without merit) aren't worth protecting. *See* [13] at 7–8. An initial problem with that argument is that it's not clear from the complaint that Daniel's initial allegations were found to be false, *see* [1] ¶ 62, or that his subsequent statements to police merely rehashed what he told them in 2014. *See id.* ¶ 80. More importantly, Illinois courts have broadly concluded that the social importance of

---

that center on speech. *See Razavi v. Sch. of the Art Inst. of Chicago*, 2018 IL App (1st) 171409 ¶¶ 20–21 (quoting Restatement (Second) of Torts, ch. 25, topic 2, title B, introductory note). By contrast, an abuse of process claim doesn't turn on a defendant's speech. *See Evans v. West*, 935 F.2d 922, 923 (7th Cir. 1991). The immunity at issue is meant to encourage speech that is in the public interest, not protect uses of court process. *See* Restatement (Second) of Torts, ch. 25, topic 2, title B, introductory note; *Razavi*, 2018 IL App (1st) 171409 ¶ 20 (citations omitted). Given that the immunity has not been applied in the context of abuse of process claims by other courts applying Illinois law, that it centers on speech, and originates in the defamation and false light contexts, I predict that the Illinois Supreme Court would not recognize a statement made to law enforcement for the purpose of investigation as a defense to an abuse of process claim. *See ADT Sec. Services, Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012) (noting that in the absence of guidance from the state's highest court, a federal court must predict how the court would rule on an issue of state law); *see also Zdeb v. Baxter Int'l, Inc.*, 297 Ill.App.3d 622, 628–30 (1st Dist. 1998) (declining to extend a privilege to a new context).

encouraging investigation of crime outweighs uncompensated harms to reputation, and haven't found any exceptions to that rule. *See Razavi v. Sch. of the Art Inst. of Chicago*, 2018 IL App (1st) 171409 ¶ 20 (citations omitted); *Vincent*, 279 Ill.App.3d at 7–8; *Morris*, 392 Ill.App.3d at 406. *Cf. Lifevantage Corp. v. Domingo*, 208 F.Supp.3d 1202, 1221–22 (D. Utah 2016) (recognizing an excessive publication exception to an immunity defense).

Counts Two and Three are dismissed.

### IV. Conclusion

Plaintiff didn't ask for leave to file an amended complaint, *see* [13], and amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) (citations omitted). The theory of abuse of process here is entirely predicated on the incorrect legal premise that wrongful motivation alone can support the claim when the process was used for its ordinary purpose. The defamation and false light claims depend entirely on defendant's absolutely immune statements. It's clear from the face of the complaint that no additional facts or arguments will cure these purely legal defects. Defendant's motion to dismiss, [9], is granted. The case is dismissed with prejudice. Enter judgment and terminate civil case.

ENTER:

Date: April 11, 2023

Manish S. Shah
U.S. District Judge